IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GERALDINE JENNINGS**                                                    **PLAINTIFF**

**V.**                                     **NO.: 4:20-CV-117-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) & 423. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the ALJ's decision is affirmed.

Procedural History

Plaintiff, Geraldine Jennings, filed her claim for disability insurance benefits on May 29, 2018, alleging disability due to her bilateral mastectomies, numbness in the chest area, bilateral arm weakness and limited arm movement, shoulder pain, knee arthritis, and thyroid issues. Tr. at

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

61-62. The claim was denied initially and upon reconsideration, so she requested a hearing, which was held before the Administrative Law Judge ("ALJ") on October 15, 2019. Tr. at 20. The ALJ denied her claim on October 30, 2019. Tr. at 20-27. Specifically, at Step 2 of the sequential evaluation set forth in the regulations, 20 C.F.R. § 404.1520, the ALJ found that she has "severe impairments" of residuals from breast cancer, bilateral mastectomies and osteoarthritis of knees. Tr. at 22. The ALJ then formulated the residual functional capacity ("RFC"), finding that, consistent with the State agency physician opinions dated July 10, 2018, and November 13, 2018, she can perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). Tr. at 23.

Based on this RFC, the ALJ found at Step 4 that Plaintiff could perform her past relevant work as a thermos electric heat-sealing machine operator or semi-automatic sewing machine operator. Tr. at 26. Accordingly, the ALJ determined that Plaintiff was not disabled for purposes of the Act, and therefore she was not entitled to receive DIB during the relevant period and that she can perform her past "composite" job. Tr. at 26. The Appeals Council denied her request for review on May 4, 2020. Tr. at 6-8. Having exhausted all administrative remedies, she seeks judicial review pursuant to 42 U.S.C. § 405(g). She makes two related assignments of error: (1) The ALJ erred in rejecting the evidence of Plaintiff's pain and other symptoms without performing a proper analysis under 20 C.F.R. § 404.1529; and (2) The RFC is not supported by substantial evidence.

## The Plaintiff's Two Assignments of Error

I. Assignment No. 1

Plaintiff argues that the ALJ erred in rejecting the evidence of Plaintiff's pain and other symptoms without performing a proper analysis under 20 C.F.R. § 404.1529. In this regard, Plaintiff argues

> [H]er most significant work-related limitations are related to (1) her ability to use her upper extremities for prolonged periods, caused by

> pain and decreased range of motion in her neck, shoulders, and arms, residuals from her breast cancer and bilateral mastectomies, and (2) her ability to stand/walk for prolonged periods due to pain from her knee osteoarthritis. Here, the ALJ's rationale does not demonstrate that she followed the requisite analysis for assessing the intensity, persistence, and limiting effects of her pain and for accounting for those limiting effects in the RFC. . . .

According to Plaintiff, the specific error of the ALJ occurred at the second step of the two-part test in which an ALJ must apply when evaluating the consistency of Plaintiff's self-description of her limitations with the record – namely whether Plaintiff's self-described limitations are consistent with and supported by the "record as a whole." Pl. Br. at 11 (citing 20 C.F.R. § 404.1529(c)). Both the Plaintiff and the Commissioner note that the ALJ must consider both the objective medical evidence obtained, as well as "other evidence," including statements from medical sources and non-medical sources, and that "other evidence," includes: (1) the Plaintiff's daily activities; (2) location, duration, frequency and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage and effectiveness of medications or other treatments; (5) treatment other than medication that has been attempted; (6) "self-treatments"; and, (7) "other factors" from both medical sources and nonmedical sources. 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *see also* SSR 16-3p. The Fifth Circuit similarly describes the test in § 404.1529 as having two parts, describing the second step as requiring the ALJ to evaluate the Plaintiff's medical conditions on their own terms, evaluating the intensity, persistence, and limiting effects on the Plaintiff's ability to perform work-like activities, as set forth in § 404.1529(c)(3), and reasonably explain each of the findings based on the record. *See Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995).

In this case, Plaintiff argues the ALJ "barely acknowledged her obligation to consider the 'other evidence' as required by the second step of the § 404.1529 analysis" or "only gave generally meager consideration of the record." Pl. Br. at 13. She argues that "most critically, Plaintiff

testified that she can no longer sew and "the ALJ fail[ed] to address this self-described limitation." *Id.* at 14. In addition, Plaintiff argues the ALJ failed to adequately consider her neck, shoulder arm knee and back pain as manifested in her numerous self-reported restrictions of activities of daily living ("ADL"). In addition to her ADL, Plaintiff recounts various aspects of her treatment records in support of her claims. Lastly, Plaintiff argues the ALJ improperly failed to discuss her exemplary work history.

As a consequence of these failures, Plaintiff complains the RFC improperly omitted non-exertional limitations on manipulative abilities and a need for a sit stand option. This alleged error, she argues, was harmful both because those "nonexertional limitations would patently affect her ability to perform her past jobs," and that their "effect is unknown until additional vocational evidence is obtained on remand." *Id.* at 18. However, since there is no vocational evidence which addresses the impact of those new limitations (no matter how seemingly insignificant), additional vocational testimony must be obtained" and "…might [lead] to a different decision." *Brock*, 84 F.3d at 728 (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984) (internal citations omitted). *Id.* at 13.

For its part, the Commissioner argues that the ALJ properly evaluated Plaintiff's reported symptoms resulting in a RFC which is supported by substantial evidence. The Commissioner notes the ALJ evaluated Plaintiff's pain and symptoms, affirmatively citing Social Security Ruling 16- 3p and 20 C.F.R. § 404.1529, and found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other record evidence. Although acknowledging that the Plaintiff argues that the ALJ did not discuss the appropriate regulatory factors when evaluating her statements regarding the intensity, persistence, and limiting effects of her symptoms, the Commissioner asserts,

>the Fifth Circuit has long recognized that the ALJ need not follow "formalistic rules" when assessing an individual's statements regarding her symptoms. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994); *see also Prince*, 418 F. Supp. 2d at 871 ("[N]either the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered.") (*citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001)).

And further, the Commissioner asserts that the ALJ's decision as a whole shows the ALJ's reasoning for finding Plaintiff's statements were not entirely consistent with the medical evidence and the other evidence, and that substantial evidence supports the ALJ's symptom evaluation.

In this regard, the Commissioner notes that the ALJ determined that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not supported by objective medical evidence (and cites to a host of objective findings in support thereof), and that "Plaintiff's statements regarding her pain and difficulty with her arms, shoulders, and knees were inconsistent with the mostly normal objective findings and diagnostic reports contained in the record." (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (noting that the ALJ correctly found that the medical evidence was more persuasive than the Plaintiff's testimony as "[t]hese are precisely the kinds of determinations that the ALJ is best positioned to make")). Comm'r Br. at 10-11. The Commissioner also asserts that the "ALJ's decision demonstrates that she considered several of the other relevant factors and thus complied with SSR 16-3p and 20 C.F.R. § 404.1529." *See Salgado v. Astrue*, 271 F. App'x 456, 462 (5th Cir. 2008) (unpublished) (concluding that the ALJ's discussion of testimony and evidence pertaining to the Plaintiff's daily activities, location of her pain, her medications, and other alleviating measures was "sufficiently specific"). *Id.* at 11. Specifically, the Commissioner notes the ALJ "discussed Plaintiff's daily activities, noting that Plaintiff testified she cleaned around the house and prepared breakfast or maybe dinner." Tr. at 25,

45. The "ALJ also noted that Plaintiff testified she could drive;" that the "ALJ noted Plaintiff testified she was disabled due to shoulder, arm, and knee pain, and had a several years history of left wrist pain and numbness and tingling and pain in her left hand." Tr. 24-26, 38, 40, 429, 440. The location, duration, frequency, and intensity of a Plaintiff's reported symptoms represents a relevant factor the ALJ considers when assessing a Plaintiff's symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(ii).

Further, the Commissioner points out that the "ALJ recognized that Plaintiff testified that standing and walking was a problem and that she reported she could not lift anything heavy, showing that the ALJ considered factors that precipitated and aggravated her symptoms (Docket 12, pp. 24-25, 44, 52, 239). See 20 C.F.R. § 404.1529(c)(3)(iii)." Comm'r Br. at 11. The ALJ also noted that "Plaintiff testified she received steroid shots that helped her pain and that Plaintiff had improved cervical active range of motion after receiving physical therapy treatment (Docket 12, pp. 25, 41). Treatment is a relevant factor the ALJ may consider when assessing a Plaintiff's symptoms. 20 C.F.R. § 404.1529(c)(3)(iv)." *Id.* at 12. The Commissioner also notes that Plaintiff "reported that her neck felt much better after physical therapy; that it only bothered her when watching TV for greater than 20 minutes; and that she was able to return to her necessary household chores without much increased difficulty (Docket 12, p. 511)" and that "[e]ffective treatments are evidence of non-disability, citing *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986)." *Id.*

Finally, with respect to Plaintiff's argument that the ALJ failed to discuss her exemplary work history, the Commissioner agrees that the regulations provide that the ALJ will consider all evidence presented, including a Plaintiff's prior work record, when evaluating a Plaintiff's statements regarding her symptoms, but asserts that the

> Fifth Circuit has recognized that the ALJ is not required to explicitly discuss each regulatory factor. 20 C.F.R. § 404.1529(c)(3); see, e.g., Clary v. Barnhart, No. 06-30615, 214 F. App'x. 479, 482 (5th Cir. Jan. 24, 2007) (unpublished) ("The ALJ is not required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility."). The record demonstrates that Plaintiff's work history was properly developed during the administrative hearing and thus the ALJ was aware of Plaintiff's work record (Docket 12, pp. 39-40, 45-51, 53-56). See Jackson v. Comm'r of Soc. Sec., No. 2:18-CV-73-KS-MTP, 2019 WL 4180515, at *5 (S.D. Miss. Aug. 1, 2019), report and recommendation adopted, No. 2:18-CV-73-KS-MTP, 2019 WL 4179524 (S.D. Miss. Sept. 3, 2019) (noting that although the ALJ did not discuss work history in the decision, the ALJ developed the Plaintiff's work history during the administrative hearing).
> *Id.* at 13.

It is the Commissioner's position that "work history represents only one of many different factors the ALJ may consider when evaluating a Plaintiff's statements regarding her symptoms." *Id.* at 14. And, in any event, the Commissioner maintains Plaintiff has not demonstrated that the ALJ's omission of an explicit discussion regarding her work history was, even if error, harmful error requiring remand because, as discussed below, the RFC is supported by substantial evidence.

The undersigned finds the Commissioner's arguments on this issue controlling in as much as there is no persuasive authority cited by Plaintiff for the proposition that the ALJ must specifically list and separately discuss each item identified in 20 C.F.R. § 404.1529(c)(3)(i)-(vii). As demonstrated by the Commissioner, the ALJ here appropriately cited to, and discussed many of the areas addressed in 20 C.F.R. § 404.1529(c)(3)(i)-(vii). And, as addressed below, the undersigned finds that the RFC outlined by the ALJ is supported by substantial evidence.

II. <u>Assignment No. 2: The RFC is Not Supported by Substantial Evidence</u>

As noted above, intertwined with Plaintiff's first assignment of error is her claim that that error resulted in an RFC not supported by substantial evidence. In support thereof, Plaintiff relies on her numerous self-described complaints of pain as noted at length in her brief on appeal and

noted above. She asserts these should have culminated in an RFC with a sit stand option and manipulative limitations. On the other hand, the Commissioner cites, in the undersigned's view, persuasively, to an array of objective medical evidence and the State Agency medical opinions finding Plaintiff can perform the full range of medium work. Tr. at 65-66. This evidence includes observations that

> Plaintiff had normal gait during the relevant period (Docket 12, pp. 289, 294, 301, 308, 316, 321, 329, 380-81, 388, 394, 406, 461, 541, 546, 551, 555); notations documenting that Plaintiff had normal range of motion in her extremities and good grip strength (Docket 12, pp. 301, 308, 321, 329, 380-81, 388, 405, 461); normal electro diagnostic studies of the left upper extremity (Docket 12, pp. 429, 437, 440);and x-rays showing no right knee abnormalities and minimal degenerative spurring but an otherwise unremarkable left knee x-rays (Docket 12, pp. 558-59).

In essence, Plaintiff is asking this Court to reweigh the evidence in her favor, which the Court is prohibited from doing. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) ("[W]e may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision").

For the foregoing reasons, the court finds that the Plaintiff's assignments of legal error are without merit and that the RFC is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this 14th day of September, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**